### JOHN W. UNDERHILL *v.* WILLIAM RASWELL.

**Arbitration and Award—Award—Delivery of Copies.**
> Under Civ. Code, § 499, subsec. 6, requiring delivery of copies of award to each of the parties, delivery of a copy of the award to the attorney of one of the parties is reversible error.

APPEAL FROM WARREN CIRCUIT COURT.

January 24, 1873.

OPINION BY JUDGE PETERS:

Although this vexatious litigation has already been protracted for years, and until the costs very far exceeds the insignificant amount of the judgment from which this appeal is prosecuted, still this court is powerless to put an end to it, and unless we would disregard a plain and positive requirement of the statute we feel constrained to reverse the judgment of the court below, reluctantly, indeed, on account of the smallness of the amount involved, and of the further opportunity it will afford the parties to use the court, or a conven-

tional tribunal as an elysium to luxuriate in the spirit of controversy, it may be, for another seven years.

By Subdiv. 6 of Sec. 499, Civil Code, arbitrators and their umpire are required to make their award in writing, etc. And when it is so made out, one copy thereof shall be delivered to each of the contending parties, and the original returned to court, etc. In this case it appears that a copy of the award was delivered to the attorneys of each of the parties, and not to the parties themselves, and while from the surroundings of this particular case, it can not be doubted that the delivery of the copy to the attorney of appellant had the effect in due time to apprise him of the result of the deliberations of the arbitrators; still the statute is imperative, and we can not disregard its behests.

Wherefore the judgment is reversed, and the cause is remanded with directions to set aside the award and for further proceedings consistent with this opinion.

*Rodes, for appellant.*

*J. E. Haswell, Dulaney, for appellee.*